UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BANK OF NEW YORK,
    *Plaintiff*,

v.                               No. 3:16-cv-02051 (JAM)

LEE LINDSEY STACEY, *et al.*
    *Defendants*.

**ORDER GRANTING MOTION TO DISMISS AND REMANDING TO STATE COURT**

Facing state court eviction proceedings, defendants removed this case from state housing court to this Court. Defendants allege that federal jurisdiction exists because their eviction violates federal law and also because there is diversity jurisdiction. I do not agree and therefore I will grant plaintiff's motion to dismiss and remand the case to the Connecticut Superior Court.

**BACKGROUND**

Plaintiff Bank of New York foreclosed on a mortgage for property in Norwalk, Connecticut that was occupied by defendants Moses Stephenson and Stacy Lindsey. After defendants declined to leave the premises, the Bank then filed a "summary process complaint" in the Housing Session of Connecticut Superior Court on October 24, 2016, to seek a judgment for immediate possession of the premises. Doc. #1 at 10–11; *see also* Conn. Gen. Stat. §§ 47a-23a, 47a-27 (summary process procedures). Defendants were served with a copy of the Bank's state court complaint on October 24, 2016, and they filed appearances in the state court four days later on October 28, 2016. Doc. #1 at 13.

More than six weeks later, on December 14, 2016, defendant Stephenson filed a notice of removal (later joined by Lindsey) to remove the case from state court to this Court. The notice of removal cites several grounds for federal jurisdiction. First, it contends that the case involves a

1

federal statute known as the Protecting Tenants at Foreclosure Act of 2009, which purportedly required plaintiff to give defendants at least 90 days notice before filing its summary process court complaint. Doc. #1 at 4–5. Second, defendants contend that there are federal constitutional protections at issue under the Fifth Amendment (on account of plaintiff's allegedly false and fraudulent conduct in connection with the foreclosure) and under the Seventh Amendment (on account of defendants' being denied a right to jury trial in state court). *Id.* at 5–6. Third, defendants contend that there is federal diversity jurisdiction, because "the Plaintiff does not reside in the same State as the defendant and the amount in dispute is over $75,000." *Id.* at 5. Plaintiff has now filed a motion to dismiss, contending in part that the Court does not have jurisdiction over this case.

## DISCUSSION

Congress by law allows for a defendant who has been sued in state court to "remove" the case to federal court if a federal court would otherwise have jurisdiction over the complaint. *See* 28 U.S.C. § 1441. Two of the most common grounds for a federal court's jurisdiction are "federal question" jurisdiction pursuant to 28 U.S.C. § 1331 and "federal diversity" jurisdiction pursuant to 28 U.S.C. § 1332.

Regardless of the grounds asserted for federal jurisdiction, a defendant who seeks to remove a complaint has a limited time to do so. Ordinarily, a defendant must file a notice of removal to federal court within 30 days of its receipt of the initial summons or complaint. See 28 U.S.C. § 1446(b)(1). Alternatively, if a defendant cannot ascertain from the face of the state court complaint whether a federal court would have jurisdiction over the case, then a case may be properly removed at a later time within 30 days of the receipt by defendant of any "amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one

which is or has become removable." 28 U.S.C. § 1446(b)(3); *see also Cutrone v. Mortg. Elec. Registration Sys., Inc.*, 749 F.3d 137, 142 (2d Cir. 2014) (explaining time limits for removal).

Here, it is evident to me that there is no basis for federal jurisdiction over this case. First, as to defendants' claim that jurisdiction may rest on a federal statute (the Protecting Tenants at Foreclosure Act of 2009), this argument ignores the fact that plaintiff did not file this action under any federal statute but filed an action solely under state property law. The fact that defendants may interpose the Protecting Tenants at Foreclosure Act of 2009 as a defense to the state law cause of action does not give this Court federal-question jurisdiction. *See, e.g.*, *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392–93 (1987) (noting that "only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant," that "the presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint," and that "it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue"); *Wells Fargo Bank, N.A. v. Weber*, 2015 WL 5175496, at *1 (E.D. Cal. 2015) (tenant's federal-law defense under the Protecting Tenants at Foreclosure Act of 2009 was not valid basis for removal of state law detainer action); *Fed. Nat. Mortg. Ass'n v. Detmer*, 2012 WL 1435018, at *2–*3 (E.D. Cal. 2012) (same).

For the same reason, the fact that defendants may assert a federal constitutional defense to plaintiff's state law property claim does not create federal-question jurisdiction to allow for removal of the case to this Court. *See, e.g.*, *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 6 (2003) (noting that "a suit arises under the Constitution and laws of the United States only when

3

the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution").

Lastly, to the extent that defendants claim that there is federal diversity jurisdiction, the amount in controversy does not exceed $75,000 as required for federal diversity jurisdiction pursuant to 28 U.S.C. § 1332. Because the underlying property has already been foreclosed upon and legal ownership transferred to plaintiff, the state court action involves solely the right to imminent physical possession of the premises; this controversy by itself does not exceed the monetary threshold. "A claim seeking only ejectment in a dispossessory action cannot be reduced to a monetary sum for the purposes of determining the amount in controversy." *Citimortgage, Inc. v. Dhinoja*, 705 F. Supp. 2d 1378, 1382 (N.D. Ga. 2010); *Mousel v. Knutson Mortg. Corp.*, 823 F. Supp. 658, 662 (D. Minn. 1993) (same).

Even if I am incorrect about the amount in controversy, plaintiff is a bank from New York, and defendants are Connecticut residents. Defendants have failed to show that the removal was filed within 30 days of when it would have been readily ascertainable that federal diversity jurisdiction existed.

## CONCLUSION

Because the Court lacks jurisdiction, plaintiff's motion to dismiss (Doc. #9) is GRANTED, and this case is remanded to the Housing Session of the Connecticut Superior Court in Norwalk, Connecticut.

It is so ordered.

Dated at New Haven this 25th day of January 2017.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge